IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARISSA LYNN KOPP,<br><br>Defendant. | CR 16-28-003-M-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.  Synopsis

Defendant Carissa Lynn Kopp (Kopp) has been accused of violating the conditions of her supervised release. (Docs. 220, 231). Kopp admitted all alleged violations. Kopp's supervised release should be revoked. Kopp should be placed in custody for 3 months with 33 months of supervised release to follow. Kopp shall serve the first 60 days of her supervised release at a secure in-patient drug treatment facility, such as the Connections Corrections Program.

## II.  Status

Kopp plead guilty on October 17, 2016, to the offense of Interference With Commerce by Threat of Violence, in violation of 18 U.S.C. Section 1951(a) as charged in Count I of the Indictment. (Doc. 71). Kopp was sentenced to 108 months

of custody followed by 36 months of supervised release. (Doc 134). Kopp's current term of supervised release began on March 20, 2023. (Doc. 220).

### Petition

The United States Probation Office filed a Petition on March 21, 2024, requesting that the Court revoke Kopp's supervised release. (Doc. 220).  The Petition alleged Kopp violated the conditions of her supervised release by: (1) communicating with someone she knew was engaged in criminal activity and had been convicted of a felony offense, without first getting permission of her probation officer; (2) failing to provide her probation officer with requested financial information.

### Initial Hearing

Kopp appeared before the undersigned for her initial appearance on April 2, 2024. Kopp was represented by counsel. Kopp stated that she had read the Petition and that she understood the allegations.  Kopp waived her right to a preliminary hearing.  Kopp denied the allegations in the Petition.  The Court scheduled an evidentiary hearing for April 9, 2024.  The hearing was re-scheduled to April 30, 2024.

### Amended Petition

The United States Probation Office filed an Amended Petition on April 26, 2024, again requesting that the Court revoke Kopp's supervised release. (Doc 231).

The Amended Petition alleged Kopp violated the conditions of her supervised release by failing to report for scheduled urinalysis testing at Compliance Monitoring Systems on April 23 and 24, 2024, in addition to the violations alleged in the original Petition.

### Second Initial Hearing

Kopp appeared before the Court on April 30, 2024. Kopp was represented by counsel. Kopp stated she had read the Amended Petition and understood its allegations. Kopp waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation Hearing

The Court conducted a revocation hearing on April 30, 2024. Kopp admitted that she had violated the conditions of supervised release as set forth in the Amended Petition for Warrant for Offender Under Supervision (Doc. 231) by: (1) communicating with someone she knew had been convicted of a felony offense without first getting permission of her probation officer; (2) failing to provide her probation officer with requested financial information, (3) failing to report for scheduled urinalysis testing at Compliance Monitoring Systems on April 23 and 24, 2024.

Kopp's violations are Grade C violations. Her criminal history category is III. Kopp's underlying offense is a Class C felony. Kopp could be incarcerated for up

to 24 months.  Kopp could be ordered to remain on supervised release for up to 36 months, less any custody imposed.  The United States Sentencing Guidelines call for a term of custody of 5 to11 months.

### III.   Analysis

Kopp's supervised release should be revoked.  Kopp shall be placed in custody for 3 months, followed by 33 months of supervised release.  During the first sixty (60) days of supervised release, Kopp shall be placed in a secure in-patient drug treatment facility, such as the Connections Corrections. This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Kopp that the above sentence would be recommended to United States District Judge Dana Christensen.  The Court also informed Kopp of her right to object to these Findings and Recommendations within 14 days of their entry.  The Court explained to Kopp that Judge Christensen would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS**:

> That Carissa Lynn Kopp violated the conditions of her supervised release by: (1) communicating with someone she knew had been convicted of a felony offense without first getting permission of her probation officer; (2) failing to provide her probation officer with requested financial information; and (3) failing to report for scheduled

urinalysis testing at Compliance Monitoring Systems on April 23 and 24, 2024.

The Court **RECOMMENDS:**

That the District Court revoke Kopp's supervised release and commit Kopp to the custody of the United States Bureau of Prisons for 3 months, with 33 months of supervised release to follow. During the first sixty (60) days of supervised release, Kopp shall be placed in a secure inpatient drug treatment facility such as the Connections Corrections.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocate before a district court judge.

DATED this 1st day of May, 2024.

*John Johnston*
United States Magistrate Judge